1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT ELLIS,                                     No.  2:13-cv-2197 CKD P

12                  Plaintiff,

13         v.                                          ORDER

14   F. FAULK, et al.,

15                  Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20   Plaintiff has consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c).

21         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

22   §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24   §§1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect

25   the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

26   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

27   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

28   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

                                                 1

1  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2      The court is required to screen complaints brought by prisoners seeking relief against a

3  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

9  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

10  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

11  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

12  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

13  Cir. 1989); Franklin, 745 F.2d at 1227.

14      In order to avoid dismissal for failure to state a claim a complaint must contain more than

15  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

16  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

17  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

18  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

19  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

20  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

21  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

22  at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

23  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

24  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

25  U.S. 232, 236 (1974).

26      Plaintiff challenges a policy at High Desert State Prison (HDSP) banning various items,

27  including hair trimmers, nail clippers, and cream-filled pastries and cookies.  He seeks an

28  injunction lifting the ban and the return of his personal property confiscated by prison officials

2

1  pursuant to the ban.

2  The Due Process Clause of the Fourteenth Amendment guarantees that no person may be

3  deprived "of life, liberty, or property, without due process of law."  A person asserting a violation

4  of the right to due process must allege facts showing that he was deprived of an interest

5  cognizable under the Due Process Clause and that the procedures attendant on the deprivation

6  were not constitutionally sufficient.  See Kentucky Dep't of Corrections v. Thompson, 490 U.S.

7  454, 459-60 (1989); Board of Regents v. Roth, 408 U.S. 564, 571 (1972).  Liberty interests in the

8  prison context are generally limited to freedom from restraints that "impose atypical and

9  significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v.

10  Conner, 515 U.S. 472, 484 (1995).  Even severe hardship does not rise to the level of a

11  constitutional violation unless it is both atypical and significant.  Id.

12  Plaintiff's allegations fail to demonstrate that HDSP's ban on certain products imposes an

13  atypical and significant hardship in relation to the ordinary incidents of prison life.  Further,

14  insofar as plaintiff alleges that various items of his personal property were "stolen," he fails to

15  state a cognizable due process claim.  Where a prisoner alleges the deprivation of a liberty or

16  property interest in violation of the Fourteenth Amendment, caused by the unauthorized negligent

17  or intentional action of a prison official, the prisoner cannot state a constitutional claim where the

18  state provides an adequate post-deprivation remedy.  See, e.g., Hudson v. Palmer, 468 U.S. 517,

19  533 (1984).  California provides such a remedy for prisoners.  See Cal. Gov't Code §§ 810 et seq.

20  See also Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994).  Thus plaintiff's allegations are

21  frivolous and fail to state a claim on which relief can be granted.

22  Accordingly, the court will dismiss the complaint and grant plaintiff leave to file an

23  amended complaint.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how

24  the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.

25  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific

26  terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983

27  unless there is some affirmative link or connection between a defendant's actions and the claimed

28  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

1     1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

2     allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of</u>

3     <u>Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

4         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

5     make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

6     complaint be complete in itself without reference to any prior pleading.  This is because, as a

7     general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375

8     F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

9     longer serves any function in the case.  Therefore, in an amended complaint, as in an original

10    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

11        In accordance with the above, IT IS HEREBY ORDERED that:

12        1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

13        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

14    shall be collected and paid in accordance with this court's order to the Director of the California

15    Department of Corrections and Rehabilitation filed concurrently herewith.

16        3.  Plaintiff's complaint is dismissed.

17        4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

18    complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

19    Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

20    assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

21    two copies of the amended complaint; failure to file an amended complaint in accordance with

22    this order will result in dismissal of this action.

23    Dated:  January 23, 2014

24                                  CAROLYN K. DELANEY

25                                  UNITED STATES MAGISTRATE JUDGE

26

27

28    2 / elli2197.14.new